UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XYTEX CORPORATION SPERM DONOR
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2751

ORDER DENYING TRANSFER

**Before the Panel:** Defendant Xytex Corporation (Xytex) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Georgia or, alternatively, in the Northern District of California. This litigation consists of six actions—two actions pending in the Northern District of Georgia and one action each pending in the Central and Northern Districts of California, the Middle District of Florida, and the Northern District of Ohio—as listed on Schedule A. Plaintiffs in all the actions oppose centralization. Certain of the plaintiffs alternatively suggest that, if the Panel centralizes this litigation, it should select the Central District of California, the Northern District of California, or the Middle District of Florida as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Xytex has not met that burden here.

There is no dispute that these actions share some common factual questions arising from allegations that Xytex, a Georgia-based sperm bank, failed to properly screen one of its donors (Donor #9623) and misrepresented that donor's qualities and characteristics to plaintiffs, each of whom conceived children through artificial insemination using Donor #9623's sperm. Plaintiffs allege that they subsequently learned that Donor #9623 was a convicted felon, had not obtained various educational degrees as represented by Xytex, and has been diagnosed with potentially heritable mental health disorders. The common factual issues presented in these actions, though—such as the intake and screening procedures used with Donor #9623—are not particularly complex. Nor will these common factual questions predominate over the plaintiff-specific factual and legal questions presented in these actions. For instance, each action may require examination of different representations made regarding Donor #9623 at different times and will involve differing state law claims, limiting the potential efficiency and convenience benefits to be gained through centralization.

Furthermore, there are only six actions pending in this litigation (two of which are pending in the same district before the same judge and were filed by the same counsel). It appears unlikely that many more, if any, related actions will be filed given the limited pool of potential plaintiffs and

-2-

the sensitive nature of these actions. Plaintiffs in these actions are represented by only three groups of plaintiffs' counsel. At oral argument, counsel for plaintiffs stated their willingness to coordinate with one another and Xytex to avoid duplicative discovery. In these circumstances, informal cooperation among the relatively few involved attorneys and coordination among the involved courts are eminently feasible and will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

IN RE: XYTEX CORPORATION SPERM DONOR
PRODUCTS LIABILITY LITIGATION	MDL No. 2751

## SCHEDULE A

<u>Central District of California</u>

DOE v. XYTEX CORPORATION, ET AL., C.A. No. 2:16-06621

<u>Northern District of California</u>

DOE 1, ET AL. v. XYTEX CORPORATION, ET AL., C.A. No. 3:16-02935

<u>Middle District of Florida</u>

DOE v. XYTEX CORPORATION, ET AL., C.A. No. 8:16-02091

<u>Northern District of Georgia</u>

DOE 1, ET AL. v. XYTEX CORPORATION, ET AL., C.A. No. 1:16-01453
DOE v. XYTEX CORPORATION, ET AL., C.A. No. 1:16-01729

<u>Northern District of Ohio</u>

DOE, ET AL. v. XYTEX CORPORATION, ET AL., C.A. No. 1:16-01692